**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ROBERT M. ROMERO, | ) ) | Case No. 14 C 7643 |
| Defendant. | ) ) | Magistrate Judge Daniel G. Martin |
| ROBERT M. ROMERO, | ) ) | |
| Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| CONTINENTAL SERVICE GROUP, INC., | ) ) ) | |
| Third-Party Defendant. | ) | |

## REPORT AND RECOMMENDATION

Third-Party Plaintiff Robert M. Romero ("Romero") filed a third-party complaint against Third-Party Defendant Continental Service Group, Inc. ("ConServe") for breach of implied warranty of authority (Count I) and promissory estoppel (Count II). ConServe now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, ConServe's motion (doc. 67) should be granted.

## FACTUAL BACKGROUND

The Court accepts as true the following facts in the third-party complaint and exhibits attached to and referenced in the third-party complaint. In the mid-1990s, Romero executed three promissory notes for student loans. In January of 2006, Romero received a letter from ConServe. (Doc. 50 at ¶ 6). The January 18, 2006 letter from ConServe stated that "the U.S. Department of Education has assigned your account to this agency for collection." (Doc. 50-1). ConServe's letter

further stated: "This notice confirms our offer to accept $5191.30 as full settlement and satisfaction of your obligation of this debt." Id. The letter listed the total debt owed by Romero as $103,841.64. Id. ConServe's letter noted that Romero's "payment must be received by 01/28/06 for the settlement to be valid." Id. By letter dated January 26, 2006, Romero accepted the U.S. Department of Education's "offer to accept $5,191.30 as full settlement and satisfaction of [his] obligation of debt for the student loans referenced [therein]." (Doc. 50-2). Romero enclosed a cashier's check payable to the U.S. Department of Education in the amount of $5,191.30. Id.

On September 30, 2014, the United States filed a lawsuit against Romero to recover the debt that remained due and owing on the three promissory notes. (Doc. 1).[1] On June 29, 2015, Romero agreed to entry of judgment in favor of the United States and against him in the amount of $109,104.73 plus costs on the amended complaint of the United States. (Doc. 54). Romero now sues ConServe for breach of implied warranty of authority and promissory estoppel.

**DISCUSSION**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of a claim. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007). The complaint must provide defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The factual allegations must be sufficient to raise the possibility of relief above the "speculative level." Id. Further, courts "are not obligated to accept as true legal conclusions or unsupported conclusions of fact." Hickey v. O'Bannon, 287 F.3d 656, 658 (7th Cir. 2002).

---

[1] In deciding ConServe's motion to dismiss, the Court can properly consider public court documents in this case. Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994).

In its motion to dismiss, ConServe asserts that Romero's breach of implied warranty of authority (Count I) and promissory estoppel (Count II) claims are insufficiently pled. Additionally, ConServe argues that both of Romero's claims are time-barred. Because both the implied warranty of authority and promissory estoppel claims are time-barred, this Court need not reach ConServe's other proffered grounds for dismissal.

"Typically, a statute of limitations issue cannot be decided on a motion to dismiss, because the statute of limitations is an affirmative defense that the plaintiff is not required to address in the complaint." Ruiz v. Williams, 2015 WL 7251950, at *3 (N.D. Ill. Nov. 17, 2015). However, "[t]he statute of limitations issue may be resolved definitely on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired." Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n, 377 F.3d 682, 688 (7th Cir. 2004); Gypsum Co. v. Indiana Gas Co., Inc., 350 F.3d 623, 626 (7th Cir. 2003) (stating a "litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense . . . ."). The Court considers whether Romero has pleaded himself out of court.

The parties agree that Illinois' statute of limitations laws apply. Malone v. Bankhead Enterprises, Inc., 125 F.3d 535, 538 (7th Cir. 1997) (stating "a federal district court sitting in diversity must apply the statute of limitations laws of the state in which it sits."). The parties disagree on which statute of limitations governs Romero's implied warranty of authority claim. The parties also disagree on when it began running. ConServe asserts that claims for breach of implied warranty of authority are actions "not otherwise provided for" and are therefore subject to Illinois' residual five-year statute of limitations period set forth in 735 ILCS 5/13-205. Romero argues that his claim for breach of implied warranty of authority is timely filed under either the five year statute of limitations applicable to tort actions subject to the discovery rule or the ten year statute of limitations applicable to written contracts provided by 735 ILCS 5/13-206.

ConServe has the better of the arguments regarding the statute of limitations. Citing a federal district court decision applying Kansas law, Romero asserts that a cause of action for breach of implied warranty involves both contract and tort principles. Farm Credit Bank of Wichita v. FCB Ltd. Partnership, 825 F.Supp 932, 934 (D. Kan. 1993) (noting Kansas recognizes that an action for breach of implied warranty may sound in either tort or contract). Assuming without deciding that in Illinois, an action for breach of implied warranty of authority may be either in tort or in contract depending upon the allegations of the complaint, Romero's action for breach of implied warranty of authority is properly characterized as sounding in tort rather than in contract. Romero's breach of implied warranty of authority claim is based on ConServe's misrepresentation that it had authority to settle the balance due upon the promissory notes with the United States for $5,191.30. ConServe's alleged liability for its misrepresentation does not derive from a contractual relationship or agreement between Romero and ConServe, and Romero does not allege that ConServe failed to perform a duty arising under or imposed by a written contract. Id. at 934 (explaining that "[e]very person purporting to act for a principal has a duty toward third parties to refrain from making contracts the authority for which has not been granted by the principal. This duty does not depend on the existence of a contract; it may arise under the common law.").

Romero's breach of implied warranty of authority claim which sounds in tort is governed by the Illinois five-year statute of limitations for "civil actions not otherwise provided for." 735 ILCS 5/13-205 (stating that "all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."); Todorov v. Bank of America, N.A., 2014 WL 5465466, at *1 (N.D. Ill. Oct. 27, 2014) (stating "[u]nder Illinois law, fraud and misrepresentation claims are subject to a five-year statute of limitations."); Khan v. DBO Seidman , LLP, 977 N.E.2d 1236, 1242 (Ill. App. 2012) (holding Section 13-205's five-year statute of limitations applies to actions for tortious misrepresentations).

The parties next dispute when Romero's breach of implied warranty of authority cause of action accrued and the five-year statute of limitations began to run. "Accrual occurs–and the limitations period therefore begins to run–when 'the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved.'" Uppal v. Rosalind Franklin U. of Med. And Sci., 2015 WL 5062823, at *2 (N.D. Ill. Aug. 26, 2015) (quoting Knox Coll. v. Celotex Corp., 430 N.E.2d 976, 980-81 (Ill. S.Ct. 1981)). Also, comment k to Section 329 of the Restatement (Second) of Agency provides that a cause of action for breach of implied warranty of authority "accrues when the third person learns that the agent does not have authority, or when he suffers damage or fails to gain the anticipated benefit, whichever occurs first." Joe & Dan Intern. Corp. v. U.S. Fidelity & Guar. Co., 533 N.E.2d 912, 915 (Ill. App. 1988) (looking to section 329 of the Restatement to determine "general principles of agency law); see also Feinberg v. Great Atlantic & Pac. Tea. Co., 266 N.E.2d 401, 404 (Ill. App. 1970) (applying section 329 of Restatement (Second) of Agency).

ConServe argues that Romero's breach of implied warranty of authority claim accrued on February 1, 2006 when the United States repudiated ConServe's authority by retracting the settlement agreement. Romero contends that the "discovery rule" relating to the statute of limitations applies to his breach of implied warranty of authority claim, asserting that he did not discover his injury until September 30, 2014, when the Government filed its lawsuit to collect on the promissory notes. "Illinois law adheres to the discovery rule, which provides that the applicable statute of limitations will not commence until the plaintiff knew or reasonably should have known that he has been injured and that the injury was wrongfully caused." Karkazis v. Karkazis Enterprises, LLC, 2015 WL 3884229, at *3 (Ill. App. June 23, 2015). "The effect of the discovery rule . . . is to postpone the commencement of the relevant statute of limitations until the injured plaintiff knows or reasonably should know that he has been injured and that his injury was

wrongfully caused." Golla v. General Motors Corp., 657 N.E.2d 894, 898 (Ill. S.Ct. 1995); see also Knox College, 430 N.E.2d at 979-81 (applying the discovery rule to claim for tortious misrepresentation).

Even under the discovery rule, Romero's breach of implied warranty of authority claim falls far outside the limitations period. Romero knew of his injury and its cause on February 1, 2006. As part of his answer to the United States' complaint, Romero included a counterclaim which admits that the United States repudiated the actions of ConServe on February 1, 2006. In paragraph 10 of his counterclaim, Romero states that "[o]n February 1, 2006, United States of America retracted the settlement agreement it entered into with Robert M. Romero." (Doc. 20 at 8, ¶ 10).[2] Paragraph 1 of Romero's first affirmative defense states the same: "[T]he Government attempted to repudiate the contract on February 1, 2006." (Doc. 20 at 4, ¶ 4). These statements are judicial admissions made in a pleading which are binding on Romero in this lawsuit. Soo Line R. Co. v. St. Louis Sw. Ry. Co., 125 F.3d 481, 483 (7th Cir. 1997). "[A] party is bound by what it states in its pleading." Id. "[J]udicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." Id. Romero's belated attempt to deny that he discovered his injury in February of 2006 is foreclosed in light of these earlier admissions. Help At Home Inc. v. Medical Capital, L.L.C., 260

---

[2] Romero further admitted in his counterclaim that "[o]n February 2, 2006, United States of America returned the $5,191.30 check received from Robert M. Romero." (Doc. 20 at 8, ¶ 11). Romero argues that "[a]t the time he filed his counterclaim, he did not have the privilege of conducting discovery to verify return of the check by the Government." (Doc. 80 at 7). This argument is problematic for two reasons. First, Romero did not need discovery to determine whether the unnegotiated cashier's check was returned to *him*. That information was not unknown to Romero. Rather, Romero was in the best position to make that determination. Second, Romero's inability to verify whether the unnegotiated cashier's check was returned to him on February 2, 2006 prior to the filing of his counterclaim on February 17, 2015 does not contest his admission that on February 1, 2006, the United States "retracted the settlement agreement it entered into with" him. (Doc. 20 at 4, ¶ 4 and at 8, ¶ 10). Thus, regardless of whether he received the unnegotiated cashier's check back from the United States, Romero knew as of February 1, 2006 that the United States had retracted the settlement agreement.

F.3d 748, 753 n.2 (7th Cir. 2001) (stating that a judicial admission is binding in the litigation in which it is made).

Romero argues that the allegations contained in his answer and counterclaim against the United States should not be considered by the Court without converting ConServe's motion to dismiss into a motion for summary judgment. Federal Rule of Civil Procedure 12(d) says that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court may, however, take judicial notice of public court documents without converting a Rule 12(b)(6) motion to a motion for summary judgment. "Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." Ennenga v. Starns, 677 F.3d 766, 773-74 (7th Cir. 2012). "A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." Id. at 774; Fed. R. Evid. 201(b). "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure: Evidence* § 5106, at 505 (1st ed. 1977 & Supp. 1997)).

Romero's statement that on February 1, 2006, the United States retracted the settlement agreement is a judicial admission, and a judicial admission may not be controverted at trial or on appeal. Keller v. U.S., 58 F.3d 1194, 1198 n.8 (7th Cir. 1995). "Indeed, [judicial admissions] are not evidence at all but rather have the effect of withdrawing a fact from contention." Id. Because Romero's statement that on February 1, 2006, the United States retracted the settlement agreement it entered into with him is not subject to reasonable dispute, the evidentiary criteria for judicial notice is satisfied. General Elec. Capital Corp., 128 F.3d at 1082. Romero argues that the

Court cannot rely on the statements in his answer and counterclaim because "his subsequent pleadings all consistently represent that he has no knowledge or information o[n] whether or when the check was returned."[3] (Do. 80 at 8). It is true that when a party has amended a pleading, statements in earlier pleadings are not considered judicial admissions, but this does not help Romero. 188 LLC v. Trinity Indus., Inc., 300 F.3d 730, 736 (7th Cir. 2002) (stating "[a]n amended pleading ordinarily supersedes the prior pleading," such that "[t]he prior pleading is in effect withdrawn as to all matters not restated in the amended pleading and becomes functus officio."). Id. Romero never amended his answer or counterclaim to omit reference to the United States' retraction of the settlement agreement on February 1, 2006.

Romero's claim for breach of implied warranty of authority is time-barred. Romero was aware of the potential for a cause of action against ConServe for breach of implied warranty of authority in February 2006 and failed to timely file his claim against ConServe. Romero filed his complaint against ConServe on June 22, 2015, more than nine years after he knew that the United States had repudiated the settlement agreement and well outside the five-year statutory period. Accordingly, ConServe's motion to dismiss Count I of the third-party complaint should be granted.

Romero's promissory estoppel claim is also time-barred. Romero does not dispute that a five-year limitation period applies to promissory estoppel claims. 735 ILCS 5/13-205; Molina v. First Line Solutions LLC, 566 F.Supp.2d 770, 783 n.14 (N.D. Ill. 2007). Romero again argues that the discovery rule tolled the statute of limitations because he did not discover his injury until September 2014 when the United States filed its lawsuit against him.

As to his promissory estoppel claim, Romero runs into the same problem with the discovery rule as his breach of implied warranty of authority claim. As explained above, the discovery rule

---

[3] To bolster his argument on this point, Romero cites to his answers to the United States' first request for admissions (doc. 43), but answers to requests for admissions are not pleadings. Fed. R. Civ. P. 7(a).

does not aid Romero. Romero's counterclaim against the United States in this case concedes that he knew of his injury on February 1, 2006, when the United States retracted the settlement agreement. The statute of limitations thus began to run on February 1, 2006 and it expired on February 1, 2011. Romero did not file his third-party complaint against ConServe until June 22, 2015. Because Romero filed his promissory estoppel claim more than five years after it accrued, it should be dismissed as time-barred.

## CONCLUSION

For the reasons stated above, Continental Service Group Inc's Motion to Dismiss Third Party Complaint [67] should be granted as Romero's third-party claims are time-barred.

**E N T E R :**

*Daniel G. Martin*

**Daniel G. Martin**
**United States Magistrate Judge**

**Dated: December 16, 2015**